IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHUNDRA BRADLEY, } | |
| } | |
| PLAINTIFF, } | |
| } | |
| VS. } | DOCKET NO: |
| } | |
| ERIC K. SHINSEKI } | |
| SECRETARY OF DEPARTMENT } | |
| OF VETERAN AFFAIRS, } | |
| } | |
| DEFENDANT } | |

**COMPLAINT FOR DAMAGES UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED AND 42 U.S.C. §1981**

COMES NOW the Plaintiff, Shundra Bradley in the above styled and numbered cause of action against the Defendant, Eric Shinseki, Secretary of the Department of Veterans Affairs, by and through her counsel of record. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended 1991 *et. seq.,* 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, resulting from discrimination based on race, hostile work environment and reprisal.

**I.**

**PARTIES**

1. The Plaintiff, Shundra Bradley is a resident of Memphis, Tennessee and has been a resident of Tennessee for all time periods relevant to this complaint.

2. Defendant, Eric K. Shinseki is the Secretary of Department of the Navy for the United States government and can be served with process by serving the Secretary at the Department of Veteran Affairs located at 810 Vermont Avenue N.W., Washington, D.C. 20420.

3. The Defendant can also be served by serving the Attorney General of the United States Eric Holder at the Department of Justice, 950 Pennsylvania Avenue, Northwest Room B-103, Washington, D.C., 20530-0001 who designated to accept service of process under Fed. R. Civ., Pro. 4.

4. Defendant can be served with process by serving the United States Attorney for the Western District of Tennessee, Ed Stanton at 167 Main Street, Memphis, Tennessee 38103 who designated to accept service of process under Fed. R. Civ., Pro. 4.

## II.

## JURISDICTION and VENUE

5. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 as amended 1991 *et. seq.,* 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

6. Jurisdiction of this action is invoked pursuant to 28 U.S.C. § 1331 and § 1343. This is an action authorized by and filed pursuant to 42 U.S.C. §1981. The unlawful employment practices and other actionable conduct were and continue to be committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

7. Venue is proper in this district in that this case is brought in the judicial district where the Defendant is subject to personal jurisdiction and because the actions or omissions were committed in this judicial district.

### III.

### CAUSE OF ACTION

8. Plaintiff, Shundra Bradley is an African American female who is a permanent employee of the Veterans Administration Medical hospital in Memphis, Tennessee.

9. Bradley was hired as an assistant nurse manager for the inpatient mental health unit which is a member of management staff at the VAMC on August 29, 2010. Bradley was under the supervision of Cheryl Clayborne (Clayborne) the Nurse Manager for the Unit.

10. Clayborne made comments to Plaintiff off a negative and rude in front of nursing staff on more than one occasion.

11. Plaintiff also had difficulty with RN Janet Kirk who called her "Jiggaboo" on December 15, 2010. Kirk also refused to call the Plaintiff by her name nicknaming her "Twiggy." This name calling was allowed by the management was brought to the attention of Cheryl Clayborne by the Plaintiff and other nurses at the VA and nothing was done to curb the actions of Kirk.

12. After Plaintiff began to complain about the behavior of Kirk then Clayborne began to retaliate against the Plaintiff by changing her schedule without discussion, issuing discipline for perceived violations of the tardy or absence policy and refusing to honor proper requests for medical leave.

13. Thereafter, the Plaintiff asked to be transferred and Clayborne told other units that he

Plaintiff was "not suitable" for transfer to another unit. This report had a negative effect on the Plaintiff reputation at the VA. This occurred in June of 2011 to September 2011.

14. After Plaintiff's complaints about Brown, Kirk and Clayborne the Plaintiff was given a negative performance evaluation which was conducted by Clayborne. Thereafter, she went out on a leave experiencing a major depressive episode.

15. After Plaintiff attempted to return to work on September 27, 2011 she was told that she was being demoted to a staff nursing position. Plaintiff felt demeaned and felt that the demotion was the result of reprisal as she held two Masters Degrees in Nursing.

16. Currently in the United States District Court there are at least (3) three other cases[1] pending against the Department of Veteran Affairs alleging some form of discrimination or harassment. Most of those involve mistreatment of the nursing staff due to age, disability and/or race. There is apparently a culture of discriminatory behavior and retaliation that is deeply rooted in the VAMC Nursing Service that goes unchecked being perpetuated by senior nurses and ignored by management.

17. Plaintiff filed a formal complaint on or about October 7, 2011.

18. Clayborne is aware of Plaintiff's EEO activity as she was the named harasser and had given statements to the EEO Department about the Plaintiff's allegations.

19. Since the filing of the Plaintiff's administrative complaint, Plaintiff has been treated with disdain and her work load increased.

20. The Department issued a Final Agency Decision on April 19, 2013 and it was received by the Plaintiff on or about May 16, 2013. The Final Agency Decision included a ruling that the Plaintiff had in fact been subjected to the conduct at issue however, the conduct

---

[1] *Cole vs. Shinseki*, 2:12 cv 02969, *Baugh vs. Shinseki*, 2:13cv 02265, *Leban vs. Shinseki*, 2:10 cv 0264.

was not "insulting or denigrating in nature and that the Complainant failed to show that the conduct was based on her race, and she failed to show that the conduct was sufficiently severe or pervasive to amount to reprisal."

21. It is this final agency decision that the Plaintiff takes issue with the filing of the instant Complaint.

22. Plaintiff herein files her timely appeal from the Final Agency Decision of hereto attached as Exhibit A after receipt on or about May 16, 2013.

## COUNT ONE:
## RACE DISCRIMINATION

23. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint as though fully set forth here.

24. Since December of 2010 and continuing to the present the Defendant has engaged in unlawful employment practices in violation of the Title VII of the Civil Rights Act of 1964 as amended 1991 *et. seq.,* 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981. The unlawful practices include, but are not limited to discrimination against the Plaintiff on the basis of race in the form of improper and burdensome assignments, failing to properly assign work tasks, refusal to allow Plaintiff to take valid Family Medical Leave, improper evaluations and allowing a racially derogatory name calling in the work place by employees of the VAMC to the Plaintiff.

## COUNT TWO:

## HOSTILE WORK ENVIRONMENT

25. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint as though fully set forth here.

26. Since at least December of 2010, Defendant has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 as amended 1991 *et. seq.,* 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

27. Plaintiff was demeaned and humiliated by Kirk and Clayborne and the Department of Veteran Affairs management allowed such conduct and these acts occurred on a regular basis based on the race and protected activity of the Plaintiff.

28. The Defendant created and maintained a hostile work environment based on race without any valid reason for its action.

29. As a proximate result of the conduct of the Defendant, Plaintiff has been damaged in an amount which has not yet been determined but which exceeds $75,000.00.

## COUNT THREE:
## REPRAISAL

30. Plaintiff engaged in protected activity in as early as June 2011 when she filed an administrative grievances and informal EEO complaints regarding the actions of the Kirk and Clayborne and the discrepancies in her schedule, assignments and treatment.

31. Plaintiff was unduly required to perform tasks that other employees who did not engage in protected activity.

32. Plaintiff was also disciplined for being tardy when as a member of management she did not have set hours and should not have receive any warning for being tardy.

33. Plaintiff was also denied proper Family Medical Leave Act leave after having a foot surgery in March 2011.

34. Plaintiff was forced from her position an into a staff nursing position in September of 2011.

35. Plaintiff contends that these and other actions were taken against her based on reprisal for her earlier complaints.

36. All the actions taken by the Defendant had an adverse impact on the Plaintiff.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having suffered damages of loss of back pay and front pay, having suffered severe emotional distress and incurred medical expenses, Plaintiff demands the following relief against Defendants:

A.  That Plaintiffs and all other similarly situated be provided a work environment free from harassment based on race and reprisal.

B.  That judgment is entered in favor of each Plaintiff against Secretary Eric K. Shinseki and the Department of Veteran Affairs for compensatory damages Title VII of the Civil Rights Act of 1964 as amended 1991 *et. seq.,* 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 in the amount of $300,000.00.

C.  That Plaintiff be awarded their reasonable attorneys fees together with cost and disbursements.

D.  Award the Plaintiff prejudgment and post judgment interest on all awards herein.

E.  That Plaintiff is awarded any such further equitable relief to which she may be entitled.

RESPECTFULLY SUBMITTED,

JOHNSON AND BROWN, P.C.

/s/Florence M. Johnson
FLORENCE M. JOHNSON #15499
ATTORNEY AT LAW
11 SOUTH IDLEWILD STREET
Memphis, Tennessee 38104
(901) 725-7520 Telephone
(901) 725-7570  Facsimile
fjraines@johnson andbrownlaw.com